UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

John W. Johnson,           )
                           )
          Petitioner,      )
                           )
v.                         )   Civil Action No.  08 0154
                           )
                           )
Maggie Chau *et al.*,      )
                           )
          Respondents.     )

## MEMORANDUM OPINION

Before the Court are petitioner's application for a writ of mandamus brought *pro se* and his motion to proceed *in forma pauperis*. The Court will grant the motion to proceed *in forma pauperis* and will dismiss the case pursuant to 28 U.S.C. § 1915(e). Under that statute, the Court is required to dismiss a case if it determines that the petition, among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Petitioner, a District of Columbia resident, seeks mandamus relief against three individuals in their official capacities and the District of Columbia.[1] The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. It provides no authority for this Court to compel action by the District of Columbia or, as appears to be the case here save one respondent, by non-federal officials. To the extent that the manager of the Veterans Medical

---

[1] The named defendants are Maggie Chau, Manager of Wah Luck House; Fernando Rivera, Manager of Veterans Medical Center; and Deborah L. Davis, who appears from the allegations to be plaintiff's court-appointed guardian or representative.

Center is a federal official, the petition fails to specify the duty owed petitioner by this respondent and the acts sought to be performed.[2] The case therefore will be dismissed by a separate Order issued contemporaneously.

                                                       /s/
                                        United States District Judge

Date: January 23, 2008

---

[2] As relief, petitioner seeks an "Order to the Social Security people . . . directing that the checks be sent by mail," instead of apparently to respondent Davis, and respondents' payment of a fine. Pet. at 10. The Social Security Administration is not a named party-respondent, and a fine is not appropriate relief in a civil action.